**RECEIVED**

**NOV 02 2018**

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN THE MATTER OF THE TAX          )
INDENTEDNESS OF:                  )
                                  )
Royce R. Kantola & Heidi J. Kantola  )    No. 18-mj-871 BRT
10307 Thomas Ave. S.              )
Bloomington, MN 55431             )
                                  )
                                  )

## APPLICATION OF THE UNITED STATES
## TO ENTER PREMISES TO EFFECT LEVY

The United States of America, on the basis of the attached affidavit of Revenue

Officer Krista Sullivan, respectfully applies to the Court, pursuant to 26 U.S.C. sections

6331 and 7402(a), for an order authorizing Revenue Officer Krista Sullivan and/or other

employees, as designated by the Internal Revenue Service, who may be escorted by

employees of the U.S. Treasury Inspector General for Tax Administration, to enter the g

arage located at 10307 Thomas Ave. S., Bloomington, MN 55431, for the purpose of

seizing the property of Royce R. Kantola and Heidi J. Kantola as may be found therein,

which is subject to levy by the United States in satisfaction of the outstanding federal taxes

now due and owing by Royce R. Kantola and Heidi J. Kantola together with interest and

costs as allowed by law.

Jurisdiction is conferred upon federal district courts to make and issue in civil

actions, writs and orders of injunction and such other orders and processes, and to render

such judgments and decrees as may be necessary or appropriate for the enforcement of the

internal revenue laws. 26 U.S.C. § 7402(a). A district court is vested with jurisdiction under

SCANNED

NOV 02 2018   ACH

U.S. DISTRICT COURT ST. PAUL

26 U.S.C. § 7402(a) to enforce levies of the Internal Revenue Service by summary, ex parte proceedings. *Matter of Carlson*, 580 F.2d 1365 (10th Cir. 1978); *United States v. First National City Bank*, 568 F.2d 853 (2d Cir. 1977); *United States v. Mellon Bank, N.A.*, 521 F.2d 708 (3d Cir. 1975)

Where a taxpayer refuses to pay his tax liabilities after notice and demand, a District Court has jurisdiction to issue an entry order pursuant to 26 U.S.C. § 7402(a) allowing other Service to enter premises in order to collect delinquent taxes. 26 U.S.C. § 7402(a); *Marshall v. Barlow's Inc.*, 436 U.S. 307, 322, n. 19, 98 S.Ct. 1816 (1978). An order of entry is to be issued upon application with supporting affidavit showing cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid tax. *United States v. Shriver*, 645 F.2d 221 (4th Cir. 1981). Issuance of the order authorizing entry is to take place in a summary, *ex parte*, proceeding and is not to be converted into an adversary proceeding. *Matter of Campbell*, 761 F.2d 1181, 1186 (6th Cir. 1978); *United States v. Condo*, 782 F.2d 1502, 1504-06 (9th Cir. 1986); *United States v. Asay, Jr.*, 614 F.2d 655, 662 (9th Cir. 1980).

Submitted in support of this application is the affidavit of Revenue Officer Krista Sullivan. The affidavit establishes that assessments of tax, penalty, and interest have been made against Royce R. Kantola and Heidi J. Kantola for the 1040 tax periods ending 12/31/2008, 12/31/2009, 12/31/2010, 12/31/2011, 12/31/2012, 12/31/2013, and 12/31/2015, in the amounts of $13,087.02, $47,625.95, $23,139.73, $74,161.08, $41,066.59, $18,862.86, and $12, 622.23 respectively. Pursuant to sections 6201, 6203, and 6303 of the Internal Revenue Code, notice and demand were made for the assessments was  given to

the taxpayer prior to or on the date that is 60 days after the date upon which each amount was assessed. Royce R. Kantola and Heidi J. Kantola have neglected or refused to pay the full amount of the tax, penalty, and interest assessed within ten (10) days after notice and demand for payment, and this neglect or refusal continues. By reason of the taxpayer's neglect and failure to pay such tax, penalty, and interest within 10 days after notice and demand, a levy may be made under 26 U.S.C. § 6331(d). There is now due and owing and unpaid with respect to such tax, penalty and interest, a total amount of $293,017.36 (computed through October 10, 2018). These amounts include statutory additions. By reason of the assessments, a lien has arisen on all property and rights to property of Royce R. Kantola and Heidi J. Kantola, as prescribed by sections 6321 and 6322 of the Internal Revenue Code.

A notice of intention to levy along with Collection Due Process rights, required by section 6331(d) and 6330 of the Internal Revenue Code, was provided to the taxpayer by certified mail and hand-delivery to the taxpayer's last known address 8/31/2015 and 2/22/2017 for the Form 1040 liabilities for the periods ending 12/31/2008, 12/31/2009, 12/31/2010, 12/31/2011, 12/31/2012, 12/31/2013, and 12/31/2015, respectively. The taxpayer did not exercise its Collection Due Process rights on any of the tax periods. A Notice of Federal Tax Liability was also filed in Hennepin County on 9/1/2009, 3/29/2001, 6/3/2014, 9/13/2016, and 8/1/2017.

Taxpayers are husband and wife, each of whom own a Schedule C small business. Royce Kantola operates a floor sanding business and Heidi Kantola operates an IT consulting business. Taxpayers are motorcycle enthusiasts and Accurint reflects Heidi

Kantola having a motorcycle endorsement since 2003, and Royce Kantola since 2002. They own four motorcycles between the two of them. State DMV records show that Taxpayers own four Harley Davidson touring motorcycles, purchased on 8/8/2007, 6/4/2009, 4/10/2011, and 3/31/2012. The vehicle identification numbers for the motorcycles are 1HD4CEM15LY120731, 1HD1FHR15WY621059, 1HD1GDV182Y323689, and 1HD1BW5177Y086825.

The assets located within the premises that are the subject of seizure are the four Harley Davidson motorcycles described above, which are stored in the taxpayer's garage at 10307 Thomas Ave. S. Bloomington, MN 55431. Revenue Officer Sullivan viewed and photographed the motorcycles on February 22, 2017, during an initial field contact. On October 10, 2018, Revenue Officer Sullivan verified ownership of the above-listed property via the Minnesota State DMV online records, which showed that the motorcycles are currently registered to Taxpayers through February 2019. On September 27, 2018, Revenue Officer Sullivan searched property records through Accurint, and found that the only property owned by taxpayers is their personal residence. This residence was purchased by the taxpayers in 1992 and was verified online on the Hennepin County Real Property Records on September 27, 2018.

As set forth in Revenue Officer Sullivan's affidavit, there is sufficient cause to believe the above described property is located in the garage. *See United States v. Maxim*, 55 F.3d 394, 397-8 (8th Cir. 1995) (upholding probable cause finding after time lapse from witness observing contraband to issuance of warrant, noting tendency of survivalists and other firearm enthusiasts such as defendant to hold firearms for long periods of time). Here,

because Revenue Officer Sullivan personally viewed the assets in the garage and those assets remain registered to Taxpayers at their only property, there is sufficient cause to support this application for entry.

Seizure is the only remaining viable solution to collect the amounts owed to the United States. Alternative remedies including third-party levies have not been successful and the taxpayer has refused to provide financial information to the extent that it would allow for consideration of any collection alternatives such as an installment agreement. Taxpayers requested an installment agreement, which was reviewed and rejected due to the equity the taxpayers have in their assets and a higher ability to pay than requested. Taxpayers have made self-determined interim payments totaling $17,500 from October 30, 2017 through July 13, 2018, but are not on a formal payment plan.

Due to the high probability the assets could be moved ahead of seizure, Revenue Officer Sullivan has not requested permission to enter the premises for the purpose of levying property under section 6331 of the Code.

WHEREFORE, the United States prays that an order be issued permitting Revenue

Officer Krista Sullivan and/or other employees, as designated by the Internal Revenue

Service, who may be escorted by employees of the U.S. Treasury Inspector General for

Tax Administration, to enter the garage located at 10307 Thomas Ave. S., Bloomington,

MN 55431, for the purpose of seizing property of Royce R. Kantola & Heidi J. Kantola, as

may be found therein for the purpose of satisfying Royce R. Kantola & Heidi J. Kantola's

outstanding tax liabilities.

Dated: October 17, 2018

ERICA H. MacDONALD
United States Attorney

By: Bahram Samie
Assistant United States Attorney
Attorney I.D. No. 392645
District of Minnesota
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
E-Mail: bahram.samie@usdoj.gov
Phone:(612) 664-5600

Attorneys for Applicant